IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:13-cv-00534-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     **v.** | ) |
| | ) |
| DANIEL BREWTON, | ) |
| | ) |
|     **Defendant**. | ) |
| _____ | ) |

**FINAL ORDER**
**(By Consent of All Parties)**

This matter is before the Court on a consent Motion by all parties for entry of a final order and judgment. The United States of America filed this action against Defendant seeking civil penalties pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. §1833a. The parties hereto have settled all claims and issues in this matter and have requested the Court to enter final order and judgment in accordance with the stipulations and agreements in their joint Motion.

All parties to this action consent to the entry of this Final Order and Judgment, waive any further findings of fact or conclusions of law other than those set forth herein, waive all rights of appeal from this Final Order and the Judgment in this case, and agree each to bear their own costs and attorneys' fees related to this action.

Wherefore, upon the consent of the parties**, IT IS HEREBY ORDERED, JUDGED, AND DECREED** that

    1. The Court finds that the Defendant admits only proper service of the Complaint and

summons and the jurisdiction of this Court in this matter and neither admits nor denies any other allegation of the Complaint.  The stipulations and agreements in the joint Motion filed by the parties, the entry of this Final Order, the Judgment in this case, and any act performed in compliance with the terms of such Final Order or Judgment shall not constitute or be construed as an admission by the Defendant of a violation of any law, regulation, or policy.

2. Judgment shall be entered in favor of the United States of America and the Defendant shall pay to the United States of America a civil monetary penalty under FIRREA in the amount of Sixty-Five Thousand Dollars ($65,000.00) plus the profits, if any, from the sale of real property located at 412 McDonald Avenue, Charlotte, North Carolina.  Said profit shall be defined as proceeds in excess of the reasonable costs of capital improvements, the payoff of existing loans and taxes on the property, costs of the sale and closing, and maintenance costs, up to the time of sale.

3. Defendant shall not further encumber the property at 412 McDonald Avenue, Charlotte, North Carolina without the written approval of the United States of America.

4. Within sixty (60) days of the entry of the Final Order in this matter, the Defendant shall, with his co-owners, list for sale and keep listed for sale the real property located 412 McDonald Avenue, Charlotte, North Carolina, and take reasonable steps to sell that property at fair market value.  The Defendant shall provide to counsel for the United States of America a copy of any offer to purchase that property that the Defendant intends to accept.  Such offer shall be subject to approval in writing by the United States of America through its attorney, and such approval shall not be unreasonably denied.

5. Any profit, as defined above, from the sale of 412 McDonald Avenue, Charlotte,

North Carolina shall be issued to the United States of America at the closing of the real estate sale by electronic transfer, referencing CDCS # 2013A52269, and a confirmation with a copy of the closing settlement statement delivered shortly thereafter by certified U.S. Mail or any express delivery service to:

>United States Attorney
>Financial Litigation Unit
>Suite 1700 Carillon Building
>227 West Trade Street
>Charlotte, North Carolina 28202

6. Within sixty (60) days of the entry of the Final Order in this matter the Defendant shall also pay the $65,000.00 civil penalty mentioned above by electronic transfer to the United States of America, referencing CDCS # 2013A52269, using the payment instructions provided.

7. The civil penalty to be paid pursuant to the order or judgment in this case cannot be discharged in bankruptcy. *See* 11 U.S.C. § 523(a)(7).

8. The Clerk is directed to enter a judgment in favor of the United States of America consistent with this Final Order.

**SO ORDERED**.

Signed: September 27, 2013

David S. Cayer
United States Magistrate Judge